O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| GABRIEL MENDEZ,            ) | Case No. EDCV 09-00969-MLG |
|                            ) | |
|          Plaintiff,        ) | MEMORANDUM OPINION AND ORDER |
|                            ) | |
|     v.                     ) | |
|                            ) | |
| MICHAEL J. ASTRUE,         ) | |
| Commissioner of the        ) | |
| Social Security            ) | |
| Administration,            ) | |
|                            ) | |
|          Defendant.        ) | |
|_____) | |

Plaintiff Gabriel Mendez ("Plaintiff") seeks review of the Commissioner's final decision denying his application for Supplemental Security Income ("SSI") pursuant to Title XVI of the Social Security Act. For the reasons stated below, the decision of the Social Security Commissioner is reversed and the matter is remanded for further proceedings.

I.   **Factual and Procedural Background**

Plaintiff was born on July 29, 1986. (Administrative Record ("AR") at 14). He has a high school education and relevant work experience as

a retail clerk. (AR at 13-14).

Plaintiff filed an application for SSI on November 15, 2005, alleging that he has been disabled since July 29, 1986, due to a learning disability, depression, and a lack of motivation. (AR at 70-75, 109, 162). The Social Security Administration denied Plaintiff's application at the initial and reconsideration levels. (AR at 27-31, 35-39).

A *de novo* hearing was held before Administrative Law Judge Thomas P. Tielens (the "ALJ") on November 6, 2008. (AR at 20-56). Plaintiff did not appear at the hearing, as he was in jail. (AR at 19). Plaintiff's counsel submitted Plaintiff's case on the record. (AR at 20). A vocational expert testified at the hearing. (AR at 22-23). On February 4, 2009, the ALJ issued a decision denying Plaintiff's application for SSI. (AR at 9-19). The ALJ found that Plaintiff: (1) has not engaged in substantial gainful activity since the date of his application, November 15, 2005 (step 1); (2) suffers from the severe impairments of organic mental disorder, anxiety related disorder, and substance addiction disorder (step 2); (3) does not have any impairments that meet or equal the criteria of Listings 12.02, 12.06, or 12.09 (step 3); (4) has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but is restricted to simple, repetitive tasks with limited public interaction; (5) is unable to perform his past relevant work; but (6) is capable of performing other work that exists in significant numbers in the economy. (AR at 9-10, 14-15). The Appeals Council denied review on March 16, 2009. (AR at 1-3).

Plaintiff commenced this action for judicial review on May 28, 2009. On December 4, 2009, the parties filed a Joint Stipulation of disputed issues. Plaintiff contends that the ALJ failed to: (1) properly

consider the treating psychologist's opinion; (2) properly consider the examining psychologist's opinion; (3) determine that Plaintiff's condition met or medically equaled Listing 12.05; (4) properly consider lay witness statements; and (5) properly consider the treating clinician's opinion. Plaintiff seeks remand for payment of benefits or, in the alternative, remand for further administrative proceedings. (Joint Stipulation at 22). The Commissioner requests that the ALJ's decision be affirmed. (Joint Stipulation at 22-23). The Joint Stipulation has been taken under submission without oral argument.

**II.   Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the

reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-721.

**III. DISCUSSION**

    **A. A Remand Is Appropriate Due to the ALJ's Failure to Properly Evaluate the Opinions of the Examining Psychologists**

In the decision, the ALJ found that Plaintiff's impairments did not meet or medically equal the criteria of Listings 12.02, 12.06, or 12.09. (AR at 9). Plaintiff contends that the ALJ erred by failing to find that he met the requirements of Listing 12.05, for mental retardation. (Joint Stipulation at 10-13, 15-16). For the reasons discussed below this Court concludes that a remand for further proceedings is appropriate.

"If a claimant has an impairment or combination of impairments that meets or equals a condition outlined in the 'Listing of Impairments,' then the claimant is presumed disabled at step three, and the ALJ need not make any specific finding as to his or her ability to perform past relevant work or any other jobs." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001) (citing 20 C.F.R. § 404.1520(d)). An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate finding that a claimant's impairment does not satisfy the Listings is insufficient. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990) (holding that ALJ erred by failing to consider evidence of equivalence).

An impairment matches a listing if it meets all of the specified medical criteria. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1990); *see also* 20 C.F.R. § 404.1525(d). To be considered disabled under Listing 12.05, a claimant must show the following:

> Mental Retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> ....
>
> B. A valid verbal, performance, or full scale IQ of 59 or less;
> Or
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function; . . . .

20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05.

Plaintiff contends that he satisfies the requirements of both 12.05B and 12.05C. (Joint Stipulation at 10-13, 15-16). Plaintiff claims he meets the requirements of Listing 12.05B because the medical evidence established that he had a full scale IQ of 48, a verbal IQ of 50 and a performance IQ of 53. (Joint Stipulation at 11-12; AR at 235); 20 C.F.R. Part 404, Subpt. P, App. 1 § 12.05B). Plaintiff asserts that he satisfies the requirements of 12.05C, because his full scale IQ is below 70, and he has additional severe impairments as determined by the ALJ, including an organic mental disorder, an anxiety related disorder and a substance addiction disorder. (Joint Stipulation at 12, 15; AR at 9,

235, 315). In support of his step three claim, Plaintiff cites the opinions of two examining psychologists, Edward B. Pflaumer, Ph.D. and Adam Cash, Psy.D. (AR at 234-36, 313-17).

In September 2000, Plaintiff underwent a psychological assessment by Dr. Pflaumer. (AR at 234-36). Plaintiff, who was 14 years old at the time, was diagnosed Plaintiff with mild mental retardation, as well as ADHD, by report. (AR at 236). After administering the Wechsler Intelligence Scale for Children-III ("WISC-III"), Dr. Pflaumer reported that Plaintiff tested at a verbal IQ of 50, a performance IQ of 53, and a full scale IQ of 48. (AR 235). Dr. Pflaumer noted, however, that Plaintiff's "WISC-III scores could more realistically be 50-52 to compensate for factors such as impulsiveness or giving up too quickly." (AR at 235). Dr. Pflaumer opined that Plaintiff's social and emotional problems interfered with his ability to participate in school and would interfere with his ability to work if they persisted. (AR at 235).

In March 2006, clinical psychologist, Adam Cash, Psy.D., conducted a psychological evaluation of Plaintiff at the request of the State Agency. (AR at 313-17). Dr. Cash administered the Wechsler Adult Intelligence Scale-III ("WAIS-III"). Plaintiff received a full scale IQ of 67 and a verbal IQ of 67, which placed him in the extremely low range at the 1st percentile. (AR at 315). Plaintiff's performance IQ of 74 was in the borderline range at the 4th percentile. (AR at 315). Dr. Cash diagnosed Plaintiff with mood disorder, NOS, history of conduct disorder, history of polysubstance dependence, and borderline intellectual functioning. (AR at 316).

Plaintiff argues that the ALJ failed to give proper consideration to the findings of Dr. Pflaumer and Dr. Cash. (Joint Stipulation at 3-4, 6-8, 10); *see Lester v. Chater,* 81 F.3d 821, 830-31 (9th Cir. 1996) (an

ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician, and specific and legitimate reasons supported by substantial evidence in the record to reject the contradicted opinion of an examining physician). The Court agrees with Plaintiff. Although the ALJ summarized Dr. Pflaumer's opinion, the ALJ failed to state any reasons for rejecting Dr. Pflaumer's findings that Plaintiff was mildly mentally retarded with IQ scores ranging from 48 to 53. (AR at 11, 235-36). As for Dr. Cash's opinion, the ALJ failed to even mention it in the decision.

The Commissioner argues that the ALJ's consideration of Dr. Pflaumer's and Dr. Cash's opinions did not constitute reversible error. First, the Commissioner asserts that the ALJ had no obligation to explain why he rejected Dr. Pflaumer's opinion because it did not pertain to the relevant period at issue in this case. (Joint Stipulation at 4-5). The Commissioner correctly notes that Dr. Pflaumer examined Plaintiff in September 2000, more than five years before Plaintiff filed his application for SSI. *See* 20 C.F.R. §§ 416.335 (SSI benefits are not retroactive prior to the month in which the application is filed), 416.501 (no payment of benefits prior to filing application). Although Dr. Pflaumer's report predates Plaintiff's application, the ALJ was still obligated to consider all relevant evidence in the record before concluding that Plaintiff's impairments did not meet or equal a listed impairment. *See Lewis*, 236 F.3d at 512. Dr. Pflaumer's report was instructive in determining whether Plaintiff met the IQ requirements of subparagraphs B and C, as well as the age requirement of Listing 12.05, *i.e.*, whether Plaintiff's "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period" or before age 22. 20 C.F.R. Part 404,

Subpt. P, App. 1 § 12.05. Thus, Dr. Pflaumer's opinion was significant and probative on the issue of disability, and the ALJ was obligated to explain why he was rejecting it. *See Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (holding that the ALJ must explain why "significant probative evidence has been rejected").

The Commissioner concedes that the ALJ failed to discuss Dr. Cash's opinion in the decision. The Commissioner argues, however, that Dr. Cash's findings were consistent with the residual functional capacity assessed by the ALJ, which included restrictions to simple, repetitive tasks with limited public interaction. (Joint Stipulation at 8-10). This argument is unavailing. Although the ALJ made findings as to Plaintiff's level of functioning, he did not find that the IQ scores identified by Dr. Cash were invalid. Because full scale and verbal IQ scores were within the range at issue in Listing 12.05C, the ALJ's silent rejection of Dr. Cash's opinion cannot be considered harmless. (AR at 315); *see* 20 C.F.R. Part 404, Subpt. P, App. 1 § 12.05; *see* 20 C.F.R. § 404.1520(a)(4)(iii) (If a claimant has impairments listed in Appendix 1, the claimant is disabled without further inquiry as to residual functional capacity and ability to past or other work). Accordingly, the ALJ's decision denying benefits was not supported by substantial evidence.

**IV. Conclusion**

In general, the choice whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the court. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (holding that the district court's decision whether to remand for further proceedings or for payment of benefits is

discretionary and is subject to review for abuse of discretion). The Ninth Circuit has observed that "the decision whether to remand for further proceedings turns upon the likely utility of such proceedings." *Id.* at 1179; *see Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) (noting that a remand for further administrative proceedings is appropriate "if enhancement of the record would be useful"). In this case, the ALJ's failure to provide any reasons for rejecting the opinions of Dr. Pflaumer and Dr. Cash, and failure to even reference Listing 12.05 leaves it unclear whether the ALJ gave proper consideration to Plaintiff's impairment in intellectual functioning. Therefore, the record is not fully developed and remand is warranted for further consideration of Dr. Pflaumer's and Dr. Cash's opinions, and clarification regarding the ALJ's step 3 determination.[1]

    Accordingly, it is ordered that the decision of the Commissioner be reversed and the matter be remanded for proceedings consistent with this order.

DATED: February 1, 2010

_____
MARC L. GOLDMAN
United States Magistrate Judge

---

[1] Because the record is not sufficiently developed to support a determination of disability without further proceedings, the Court will not decide whether the remaining issues raised by Plaintiff would independently require reversal. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003) (where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate). The Court suggests, however, that all of Plaintiff's arguments be considered when determining the merits of his case on remand.